IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                  Case No. 4:70-cr-00009-HFB-001

JOHNNIE TASBY                                                                              DEFENDANT

### ORDER

Before the Court is Defendant's Motion for Writ of Error Coram Nobis. (ECF No. 40). The Government has responded. (ECF No. 44). Defendant is a current federal parolee, and argues that he is being unlawfully required to report on parole due to the United States Parole Commission stopping his time when his parole was revoked.

In *United States v. Morgan*, 346 U.S. 502 (1954), the Supreme Court instructed that, by a proceeding in the nature of coram nobis, the convicted party may proceed in a federal district court to have set aside his conviction and sentence in that court for a federal offense, though he had served the full time for which he had been sentenced. In *Morgan*, the Court held that regardless of how the papers are labeled, "federal courts should act in doing justice if the record makes plain a right to relief." 346 U.S. at 502. But the Court added the caveat: "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice," and that the writ is designed to correct errors "of the most fundamental character." 346 U.S. at 511, 512.

Eighth Circuit case law "clearly precludes coram nobis relief" to a person in federal custody. *United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000). An individual who is on parole is considered to be "in custody" for the purposes of habeas corpus relief; accordingly his sentence has

not been fully served. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) ("[P]etitioner's parole . . . imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in . . . 'custody' . . . within the meaning of the habeas corpus statute"); *see also United States v. Little*, 608 F.2d 296, 299 n.5 (8th Cir. 1979). Here, petitioner seeks a writ of error coram nobis although he remains in custody. The writ of error coram nobis is, thus, not the proper legal procedure for petitioner to employ; rather, the petitioner should have filed a petition for a writ of habeas corpus. The Court therefore concludes that it is more appropriate to treat the petition as one for a writ of habeas corpus, rather than for a writ of coram nobis. *See Morgan*, 346 U.S. at 512 (petition for a writ of coram nobis is appropriate where no other remedy is available).

In his petition, Tansby claims he is being unlawfully required to report on parole. Tansby may seek habeas relief under 28 U.S.C. § 2241 if he is on federal parole. *Jones v. Cunningham*, 371 U.S. 236 (1963). In order to have jurisdiction over the habeas petition, the Court must have jurisdiction over the petitioner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973). While the petitioner was indicted in this Court and the petitioner was sentenced in this Court, he currently lives in Houston, Texas and reports to a parole officer there. Accordingly, there is no appropriate respondent within the jurisdiction of this Court having custody over the petitioner, and habeas corpus proceedings may not lie. *See Brown v. New York State Bd. of Parole*, 301 F. Supp. 1232, 1233 (E.D.N.Y. 1969).

Accordingly, this petition is **DISMISSED WITHOUT PREJUDICE** to petitioner's right to make an application to the proper federal court.

**IT IS SO ORDERED**, this 29th day of June, 2015.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge